UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANDRE M. ALEXANDER,

    Plaintiff,

v.                        CIVIL ACTION NO. 16-cv-12069

                            HON. TERRENCE G. BERG

ANN HOFFMAN, et al.,

                            HON. MONA K. MAJZOUB

    Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION
(DKT. 30), IN PART, MODIFYING REPORT AND
RECOMMENDATION, IN PART, AND SUSTAINING
<u>PLAINTIFF'S OBJECTIONS (DKT. 32)</u>**

Plaintiff D'Andre Alexander, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC), brings this pro se civil rights action under 42 U.S.C. § 1983 against Defendants Ann Hoffman, Shannon Flaugher, Scotty Freed, O'Bell Winn, Donald Ricumstrict, Randall VanSumeren, and Delardon Thomas. Plaintiff's Complaint asserts a retaliation claim, which arose during Plaintiff's incarceration at the Saginaw Correctional Facility (SRF). Specifically, Plaintiff alleges that Defendants conspired to retaliate against him for

filing grievances by planting a knife in his cell, which resulted in a false misconduct ticket and a transfer to the Chippewa Correctional Facility (URF) in the Upper Peninsula.

Defendants filed a motion for summary judgment (Dkt. 24), arguing that Plaintiff failed to exhaust his administrative remedies, and that Plaintiff's official capacity claim against Defendant Freed should be dismissed based on Eleventh Amendment immunity. Plaintiff filed a response (Dkt. 25) to Defendant's motion.

On June 27, 2017, Magistrate Judge Mona K. Majzoub issued a report and recommendation, recommending Defendants' motion be granted in part and denied in part. Specifically, the Magistrate Judge recommended first that summary judgment should be granted in favor of Defendant Flaugher because Plaintiff did not exhaust his administrative remedies against Flaugher by completing the prison's internal complaint process. Second, the judge also recommended that summary judgment should be granted as to the official capacity claims against Defendant Freed because such claims were barred by the state's sovereign immunity under the Eleventh Amendment. However, the Magistrate Judge recommended that summary judgment should be denied as

to Plaintiff's individual capacity claims against Defendant Freed, Winn, Ricumstrict, VanSurman, and Thomas.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendations. 28 U.S.C. § 636(b)(1). Plaintiff filed timely objections (Dkt. 32) to the report and recommendation; Defendants did not file any objections, and did not file any response to Plaintiff's objections. The district court will make a "de novo determination of those portions of the report . . . to which objection is made." *Id*.

In his objections, Plaintiff argues that the report and recommendation overlooked a piece of evidence pertaining to whether he exhausted his remedies regarding Defendant Flaugher. Plaintiff contends in his objection that he filed a grievance on June 12, 2013 that named Defendant Flaugher and correctly points out that the report and recommendation did not mention this June 12, 2013 grievance naming Flaugher in deciding whether he had exhausted his remedies against Flaugher. Plaintiff did attach a copy of this grievance to his Complaint (Dkt. 1, Pg IDs 36-37), although he did not refer to it in his response to the motion for summary judgment. Plaintiff states that he never re-

3

ceived a receipt or response to this grievance, and thus he exhausted his available administrative remedies as to Defendant Flaugher. Plaintiff further argues that, because he never received a receipt for his June 12, 2013 Step I grievance with a grievance identifier number, he was unable to appeal that grievance to Step II.

## ANALYSIS

The Prisoner Litigation Reform Act requires a prisoner to exhaust "administrative remedies as are available" before filing suit under 42 U.S.C. § 1983 or "any other Federal law." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). The exhaustion prerequisite applies to all inmate suits about prison life. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Moreover, Plaintiff must "properly" exhaust his claims by complying with MDOC's grievance policy. *See Woodford v. Ngo*, 548 U.S. 81, 90–91 (2002) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ...."); *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) ("A grievant must undertake all steps of the MDOC process

for his grievance to be considered fully exhausted...." (citing *Jones Bey v. Johnson*, 407 F.3d 801, 803 n. 2 (6th Cir. 2005))).

However, in responding to a motion seeking summary judgment on the ground that a prisoner has not exhausted the available administrative remedies, it is not the prisoner's burden to plead or prove that he has successfully done so. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Rather, failure to exhaust administrative remedies is an affirmative defense, *Jones*, 549 U.S. at 216, and so Defendants carry the burden of persuasion on the issue, *Surles*, 678 F.3d at 455–56. And "[i]n cases where the party moving for summary judgment also bears the burden of persuasion at trial, the party's 'initial summary judgment burden is higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Surles*, 678 F.3d at 455–56 (quoting *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001)); see also *Cockrel*, 270 F.3d at 1056 (explaining that where the moving party on summary judgment has the burden of production and persuasion, the moving party "must ... surpass[ ]" "a substantially higher hurdle" than a preponderance of the evidence).

The Michigan Department of Corrections, via Policy Directive 03.02.130, requires prisoners to complete a three-step grievance process to exhaust their administrative remedies (MDOC Policy Directive ("PD") 03.02.130 ¶ B). The process begins with a prisoner filing a "Step I" grievance. Prisoners not satisfied with a response to their Step I grievance, or who have not received a timely Step I response, may file a Step II grievance (PD 03.02.130 ¶ BB). Similarly, "[a] grievant may file a Step III grievance if s/he is dissatisfied with the Step II response or does not receive a timely response" (PD 03.02.130 ¶ FF). "The Grievance and Appeals Section shall be the respondent for Step III grievances on behalf of the Director. Each grievance received at Step III, including those which may be rejected, shall be logged on a computerized grievance tracking system" (*Id.*)

An inmate properly exhausts his administrative remedies when prison officials' failure to timely respond to a properly filed grievance renders an administrative remedy unavailable. *See Johnson v. Alexander,* No. 2:12-CV-429, 2014 WL 1276575, at *2–3 (W.D. Mich. Mar. 27, 2014); *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989 (6th Cir. 2004); *Ward v. Luckey*, No. 12–CV–14875, 2013 WL 5595350, at *7–8 (E.D. Mich. Oct.

11, 2013). Although MDOC policy typically allows an inmate to appeal if he does not receive a timely response, it is not clear that Plaintiff had that option in this case. Plaintiff states that he never received a receipt for the Step I grievance dated June 12, 2013 that mentions Defendant Flaugher, and thus he did not have the grievance identifier that he would need to fill out a Step II appeal form. Because this Step I complaint form is filled out in hand-writing, and bears no stamp or identifying number showing that it was ever sent or filed, it is unclear whether the June 12, 2013 grievance was received by prison officials. But it is part of the record before the Court (Dkt. 1, Pg IDs 36-37).

Unfortunately, because they filed no response to Plaintiff's objections, Defendants have offered no explanation as to why Plaintiff was never sent an acknowledgment that his June 12, 2013 grievance was received, or whether in fact it ever was. Thus, Defendants have failed to provide any evidence rebutting Plaintiff's claim that he exhausted all available administrative remedies as to Defendant Flaughter.

The Sixth Circuit addressed a similar situation in *Surles v. Andison*, 678 F.3d 452 (6th Cir. 2012). In that case, the defendants moved for summary judgment based on failure to exhaust. *Id.* In opposing the

motion, the plaintiff argued that an MDOC official had refused to process or file his grievance. *Id*. at 457. The defendants did not provide proof to rebut this allegation, but merely argued that the plaintiff had been able to file grievances in the past. *Id*. The Sixth Circuit rejected the defendants' argument, concluding that they had failed to present evidence demonstrating the absence of a genuine dispute of fact as to whether the plaintiff had exhausted his administrative remedies. *Id*. at 458.

As the Sixth Circuit made clear, Defendants bear the burden of production and persuasion on the issue of exhaustion. *See id*. Defendants have failed to provide any evidence rebutting Plaintiff's claim that he exhausted all administrative remedies that were available to him. Thus, Defendants have not met their burden and are not entitled to summary judgment on the issue of whether Plaintiff failed to exhaust administrative remedies regarding Defendant Flaugher. Accordingly, Plaintiff's objections (Dkt. 32) on this point are **SUSTAINED**. The report and recommendation will therefore be **MODIFIED**, and Defendant Flaugher's motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies will be **DENIED**.

No party has objected to any other aspect of the report and recommendation, and the Court finds that it is well-reasoned and supported by the applicable law. Therefore, the report and recommendation will be accepted and adopted in all other respects. Accordingly, the report and recommendation (Dkt.32) is hereby adopted in part and modified in part. Defendants' motion for summary judgment (Dkt. 24) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Defendant's motion for summary judgment as to the claims against Defendant Freed in his official capacity is **GRANTED**, but Defendant's motion for summary judgment as to Defendants Freed, Flaughter, Winn, Ricumstrict, VanSurman, and Thomas in their individual capacities is **DENIED**.

    **SO ORDERED**.

                                                s/Terrence G. Berg
                                                TERRENCE G. BERG
                                                UNITED STATES DISTRICT JUDGE

Dated: September 8, 2017

## Certificate of Service

I hereby certify that this Order was electronically submitted on September 8, 2017, using the CM/ECF system, which will send notification to each party, and served upon unrepresented parties via postal mail.

s/A. Chubb
Case Manager
