UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANDRE M. ALEXANDER

    Plaintiff,               CIVIL ACTION NO. 16-cv-12069

    v.                          DISTRICT JUDGE TERRENCE G. BERG

ANN HOFFMAN, et al.,       MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff D'Andre Alexander, currently a prisoner at the Gus Harrison Correctional Facility in Adrian, Michigan, filed this *pro se* civil rights case on June 6, 2016. (Docket no. 1.) He named several employees of the Michigan Department of Corrections ("MDOC") Saginaw Correctional Facility ("SRF") as defendants: Ann Hoffman, an Assistant Resident Unit Specialist; Scotty Freed, a Hearings Investigator; O'Bell T. Winn, a Deputy Warden; Donald Ricumstrict, also a Deputy Warden; and Shannon Flaugher, Randall VanSumeran, and Delardon Thomas, all Correctional Officers. Plaintiff alleges Defendants violated his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution by conspiring to plant a knife in Plaintiff's duffle bag, which resulted in a misconduct ticket and ultimately a transfer to the Chippewa Correctional Facility in Kincheloe, Michigan. (Docket no. 1, pp. 8–9.) Plaintiff seeks a declaratory judgment that Defendants broke the law, an injunction to have the misconduct conviction removed from his prison record, compensatory and punitive damages, and "any additional relief this Court deems just, proper, and equitable." (*Id.* at 18–19.) Plaintiff sued Defendants Hoffman and Freed in their official and individual capacities, and sued the

remaining Defendants in their individual capacities only. (*Id.* at 5–6.) The Court dismissed Plaintiff's official capacity claim against Defendant Freed on September 8, 2017. (Docket no. 36.)

Before the Court is Defendant Hoffman's Motion to Dismiss Official-Capacity Claim (Docket no. 33.) Plaintiff did not respond to this motion. All pretrial matters have been referred to the undersigned for consideration. (Docket no. 9.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f), and issues this Report and Recommendation.

## I. RECOMMENDATION

For the reasons that follow, the undersigned recommends that Defendant Hoffman's Motion to Dismiss Official-Capacity Claim [33] be **GRANTED**.

## II. REPORT

### A. Factual Background

Plaintiff submits that in April 2013, he filed a grievance against an unnamed staff member at SRF. Plaintiff contends that Defendant Hoffman was assigned to review this grievance and that during the review process, she threatened to plant a knife in Plaintiff's cell. (Docket no. 1, p. 6.) Plaintiff then filed a grievance against Defendant Hoffman, claiming that she was biased in her review of his previous grievance. Plaintiff claims that shortly after he filed that grievance against Defendant Hoffman, Defendant VanSumeren threatened to transfer Plaintiff to the "600 unit," a partial segregation unit at SRF, and that Defendant Flaugher told him he would have "Russel" reject the grievance against Defendant Hoffman. (Docket no. 1 at 7–8.)

Plaintiff claims that, on June 7, 2013, Defendant Hoffman approached him as he was

leaving breakfast and stated, "'enjoy your last meal because you'll be saying bye bye to SRF real soon. I'm going to have [Defendant] Winn get you out of here.'" (*Id.* at 8.) Plaintiff was then stopped by an unknown officer, handcuffed, and escorted to the partial segregation unit. (*Id.*) When he arrived, he was informed that Defendant Hoffman found a knife in Plaintiff's duffle bag, and that Defendant Hoffman had therefore written a misconduct ticket written against him for possession of a weapon. Defendant Scott presided over the hearing on the misconduct ticket; Plaintiff was found guilty and sentenced to thirty days in segregation. (*Id.*)

Plaintiff claims that later on in June, Defendants Winn and Ricumstrict each separately approached him and threatened him with being transferred to "URF, all the way up North." (Docket no. 1 at 9.) And, on June 27, 2013, he was in fact transferred. Plaintiff claims that, as a result of the transfer, he was unable to complete a correspondence course, the "Pilgrim Theology Seminary," or sign up for other classes. (*Id.* at 10.) Plaintiff also lost yard time, access to other recreational facilities that SRF had but URF does not, and family visits, as URF is too far away for his sister to drive. Plaintiff also claims that URF is a hostile environment, and that many of the MDOC staff members there have used racial slurs when addressing him. (*Id.* at 11.)

Plaintiff filed the instant complaint on June 6, 2016, alleging that Defendants violated his rights under the First, Fourth, and Eighth Amendments to the United States Constitution. (*Id.* at 5.) Defendant Hoffman contends that the official capacity claims against her should be dismissed because "[t]he Eleventh Amendment bars the instant suit against an MDOC official acting in her official capacity." (Docket no. 33, p. 10.)

### B. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to

3

the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) "assume [the] veracity [of the remaining allegations] and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

  **C. Analysis**

Defendant Hoffman contends that the claims asserted against her in her official capacity should be dismissed because state officials are immune from suit under the Eleventh Amendment to the United States Constitution. (Docket no. 33.) The undersigned agrees.

"The Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst State Sch. & Hosp v. Halderman*, 465 U.S. 89, 101 (1984) (quoting *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459 464 (1945)). "Whether a suit against State officials in their official capacity is deemed to be against the State depends on whether the plaintiff seeks 'retroactive' or 'prospective' relief." *Doe v. Wigginton*, 21 F.3d 733, 736 (6th Cir. 1994) (citation omitted). Here, is it clear that Plaintiff seeks only retroactive relief against Defendant Hoffman, in the form of monetary damages and a declaratory judgment that Defendant Hoffman violated the law. (*See* docket no. 1, pp. 18-19.) Plaintiff's official capacity claims against Defendant Hoffman should therefore be dismissed.

### D. Conclusion

For the above-stated reasons, the undersigned recommends that Defendant Hoffman's Motion to Dismiss Official-Capacity Claim [33] be **GRANTED**.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Eastern District of Michigan Local Rule 72.1(d)(2),

5

a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 23, 2018         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff D'Andre M. Alexander and Counsel of record on this date.

Dated: January 23, 2018         s/ Leanne Hosking
                                Case Manager