# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

D'ANDRE M. ALEXANDER,

    Plaintiff,

v.

ANN HOFFMAN, et al.

    Defendants.

Case No. 4:16-cv-12069
Hon. Terrence G. Berg

## ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION

Plaintiff D'Andre M. Alexander, who was at all relevant times incarcerated at Saginaw Correctional Facility in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil rights complaint against the following Defendants: Ann Hoffman (Assistant Resident Unit Specialist); Scotty Freed (Hearings Investigator); O'Bell T. Winn (Deputy Warden); Donald Ricumstrict (Deputy Warden); and Shannon Flaugher, Randall VanSumeren, and Delardon Thomas (all Correctional Officers). Plaintiff alleges, via a 42 U.S.C. § 1983 claim, that Defendants violated his First and Fourteenth Amendment rights by conspiring to plant a knife in his

cell, refusing to provide him with evidence he requested to help defend the allegedly false misconduct charge, and ultimately causing his transport to Chippewa Correctional Facility, in Kincheloe, Michigan.

This matter is before the Court on Magistrate Judge Mona K. Majzoub's September 27, 2018 Report and Recommendation (ECF No. 64), and Plaintiff's timely-filed objections (ECF No. 65). The Magistrate Judge recommends that Defendants' motion for summary judgment (ECF No. 59) be granted with respect to all of Plaintiff's claims, excepting his claim that Defendant Hoffman falsified a misconduct report in retaliation for prior grievances filed by Plaintiff. The Court will, however, sustain Plaintiff's Objection # 3, which urges that his due process claim against Defendant Freed should not be dismissed. Accordingly, the Court in part accepts and adopts Magistrate Judge Majzoub's Report and Recommendation, and in part modifies it.

## BACKGROUND

Plaintiff's claims arise from events that took place during his incarceration at the Saginaw Correctional Facility in 2013. *See* ECF

No. 1. On April 7, 2013, he filed a grievance against a non-party corrections officer; Defendant Hoffman was responsible for reviewing that grievance. *See id.* at PageID.20. Plaintiff alleges that, in connection with her review of his grievance, Defendant Hoffman threatened Plaintiff by suggesting that prison staff had "a history of 'finding knives' in prisoners['] cells." *Id.* ECF No. 6. Further, Plaintiff contends Defendant Hoffman refused to investigate his grievance and indicated that if Plaintiff continued to pursue the grievance, a knife would be planted in his cell. *Id.* Next, according to Plaintiff, Defendant Hoffman stopped him on his way from breakfast to say, "[E]njoy your last meal because you'll be saying bye bye to SRF [Saginaw Correctional Facility] real soon. I'm going to have [Defendant] Winn get you out of here." *Id.* PageID.8.

That same day, Defendant Hoffman wrote a misconduct report averring that during a shakedown of Plaintiff's cell, prison staff discovered "a 5 1/2 inch piece of metal sharpened to a point on one end with a handle made out of a towel/washcloth." *Id.* PageID.25. Plaintiff contemporaneously objected to the report, pled "not guilty" to the disciplinary offense of possessing a weapon, and

urged that "the night prior to this incident he told his family he was going to be set up [by prison staff]." *Id.* PageID.26. During Plaintiff's misconduct hearing, the hearing officer, found that Defendant Hoffman "was unaware of any pending grievance; therefore the grievance would not provide motive for retaliation." *Id.* Still, Plaintiff maintained that the weapon had been planted as part of a retaliation effort by Defendants Hoffman and Flaugher. *Id.* The hearing officer nonetheless found Plaintiff guilty of possessing a weapon and sentenced him to 30 days in segregation. *See id.* Plaintiff was subsequently transferred to Chippewa Correctional Facility. ECF No. 59-2. The facts underlying Plaintiff's claims are more fully set forth in Magistrate Judge Majzoub's September 27, 2018 Report and Recommendation. *See* ECF No. 64. Plaintiff timely filed objections to that Report and Recommendation on October 9, 2018.[1]

Defendants' three objections can be summarized as follows: (1) he has presented sufficient evidence to survive summary judg-

---

[1] The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the Report and Recommendation. 28 U.S.C. § 636(b)(1).

4

ment on his retaliatory transfer claim against Defendants Ricumstrict and Winn; (2) his conspiracy claims against Defendants Ricumstrict, Freed, Flaugher, VanSumeren, and Winn should not be dismissed because there is sufficient evidence to survive judgment; and (3) Plaintiff's due process claim against Defendant Freed for refusing to obtain evidence that he believes could have exonerated him of the weapons violation should not be dismissed. *See* ECF No. 65 PageID.612–615.

## DISCUSSION

A district court must review *de novo* parts of a Report and Recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Further, the Court may receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a).

A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the Court must view the evidence and any reasonable inferences drawn from the evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Edward*, 241 F.3d 530, 531 (6th Cir. 2001). The moving party has the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. "[T]he nonmoving party must do more than show that there is some metaphysical doubt as to the material facts." *Moore v. Philip Morris Co., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993) (citing *Matsushita*, 475 U.S. at 586). To defeat the motion for summary judgment, it must produce "significant probative evidence in support of its complaint." *Moore*, 8 F.3d at 340 (citing *Andersen*, 477 U.S. at 242, 249–250).

This evidence must go beyond the pleadings and may include affidavits, depositions, interrogatory responses, and other types of evidence establishing a genuine issue for trial. *Moore*, 8 F.3d at 339 (citation omitted). The Court must then determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to the trier of fact or whether the moving party must prevail as a matter of law. *See Anderson*, 477 U.S. at 252.

For the reasons set forth below, the Court largely agrees with Magistrate Judge Majzoub's conclusion that Plaintiff has not presented evidence sufficient to overcome summary judgment on most of his claims. But the Court also finds sustaining Plaintiff's Objection #3 appropriate. Accordingly, the Court will accept and adopt the Report and Recommendation with one modification: summary judgment on Plaintiff's due process claim against Defendant Freed will be denied.

### A. Plaintiff's Objection #1

Plaintiff first objects that he has in fact established a retaliatory transfer claim against Defendants Ricumstrict and Winn. Specifically, he refers to statements in his combined affidavit and motion for summary judgment response that Defendant Hoffman told him she was "going to have Winn get you out of here" and that "Defendant Winn approached Plaintiff's cell and told him 'You started this s**t. You brought this s**t on yourself,'" and that he would be "getting sent up north far away." ECF No. 65 PageID.612. According to Plaintiff, Defendant Ricumstrict also told him, "It ain't business, it's personal with yo ass. So don't be surprised when [we] get you out of here." *Id.* PageID.613.

In support of their motion for summary judgment on Plaintiff's retaliatory transfer claim, Defendants argued Plaintiff could not show Defendants caused him to be transferred to Chippewa Correctional Facility. The June 26, 2013 transfer order attached to Defendants' motion states that Plaintiff was transferred "at the request of URF [Chippewa Correctional Facility] . . . . to separate fighters." ECF No. 59-2 PageID.494. Additionally, the transfer order provided that STF [Saginaw Correctional Facility] will return

8

one who requires alternate placement due to a guilty finding on 029." *Id.* The misconduct hearing report refers to Plaintiff being found guilty of "Charge: 029," which is described as "Possession of a Weapon." ECF No. 1 PageID.26. These documents, which Defendants directed the Court's attention to, suggest Plaintiff was transferred to Chippewa Correctional Facility merely as part of ordinary prison-management functions.

The Court agrees with the Magistrate Judge that statements included in Plaintiff's affidavit are insufficient to raise a material issue of fact for trial regarding his retaliatory transfer claim against Defendants Ricumstrict and Winn. Even if these Defendants threatened to have Plaintiff transferred, Plaintiff has not presented evidence indicating they were causally involved in the transfer decision. Moreover, the evidence produced by Defendants showing it was Chippewa Correctional Facility, and not Saginaw Correctional Facility, that initiated the transfer is compelling. *See* ECF No. 59-2. On these grounds, the Court overrules Plaintiff's first objection to the Magistrate Judge's Report and Recommendation.

### B. Plaintiff's Objection #2

Next, Plaintiff objects that Defendants Flaugher, Winn, Ricumstrict, and VanSumeren should not be dismissed from this lawsuit because they each "actually participated in the retaliatory cell search/false misconduct" and thereby conspired with Defendant Hoffman. ECF No. 65 PageID.614. Even taking as true all of the statements in Plaintiff's affidavit that appear to be made on personal knowledge, the Court agrees with Magistrate Judge Majzoub that Plaintiff has not presented evidence showing that the Defendants shared a "single plan" and "conspiratorial objective" with one another, as is required to prove civil conspiracy under § 1983. *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985). Several portions of Plaintiff's affidavit contain "conclusory allegations and subjective beliefs" that are insufficient to permit him to defeat summary judgment. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584–85 (6th Cir. 1992). For example, Plaintiff's statement that Defendant Freed's refusal to procure a recording of Plaintiff's phone call with his sister, which Plaintiff says would have supported his theory that the weapon was planted, constituted "direct participation in the conspiracy, in retaliation for Plaintiff's protected conduct." ECF No. 63

PageID.553. Because Plaintiff has not produced evident sufficient to establish a triable issue of fact as to whether the Defendants shared a single plan and conspiratorial objective, his Objection #2 will be overruled.

### C. Plaintiff's Objection #3

Finally, Plaintiff objects that he "also has a due process claim against Defendant Freed for refusing to obtain exonerating evidence reasonably available for Plaintiff's defense." ECF No. 65 PageID.615. On that basis, Plaintiff objects to the Magistrate Judge's recommendation that Defendant Freed be dismissed from this suit. *Id.* In his Complaint, Plaintiff indeed alleged that Defendant Freed's refusal "to obtain critical evidence that would have exonerated Plaintiff" of the alleged false misconduct charge violated his rights under the Fourteenth Amendment's due process clause. ECF No. 1 PageID.17. Defendants did not specifically seek summary judgment on this claim, though they offered the conclusory statement that Defendant Freed's failure to provide Plaintiff with a recording of his phone call with his sister "is not in itself a violation of Plaintiff's constitutional rights." ECF No. 59 PageID.478.

11

The United State Supreme Court held in *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974), that an "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." The Court anchored that right in the Fourteenth Amendment's due process clause. Though it left prison officials "necessary discretion" to "limit access to other inmates to collect statements or to compile other documentary evidence," the Court indicated exercise of that discretion should be well-reasoned. *Id.* Because Defendants have not provided any law or reasoning to support their statement that Defendant Freed's refusal to provide Plaintiff with the requested audio recording and other documents is not a violation of Plaintiff's due process rights, Plaintiff's Objection #3 will be sustained. The Court will therefore modify the Magistrate Judge's Report and Recommendation to permit Plaintiff's due process claim against Defendant Freed for refusal to provide the audio recording and other requested documents in preparation for Plaintiff's misconduct hear-

ing to proceed along with his claim that Defendant Hoffman falsified a misconduct report in retaliation for prior grievances filed by Plaintiff.

## CONCLUSION

For these reasons, Plaintiff's objections are **OVERRULED IN PART** and **SUSTAINED IN PART**, and the Report and Recommendation (ECF No. 64) is **ACCEPTED** and **ADOPTED IN PART** as the opinion of the Court and **MODIFIED IN PART**. Accordingly, Defendants' motion for summary judgment (ECF No. 59) is **GRANTED** with respect to all claims, except Plaintiff's claim against Defendant Hoffman for falsifying a misconduct report in retaliation for prior grievances filed by Plaintiff, and Plaintiff's claim against Defendant Freed for refusing to provide him with or to produce evidence Plaintiff requested to build his defense against the misconduct charge.

**SO ORDERED.**

Dated: March 25, 2019          s/Terrence G. Berg
                               TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on March 25, 2019.

s/A. Chubb
Case Manager