**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **D'ANDRE M. ALEXANDER**,<br><br>Plaintiff,<br><br>v.<br><br>**ANN HOFFMAN, et al.**<br><br>Defendants. | 4:16-cv-12069<br><br>Hon. Terrence G. Berg<br><br>**ORDER CONDITIONALLY APPOINTING COUNSEL, DENYING WITHOUT PREJUDICE MOTION FOR TRIAL DATE AND CASE MANAGEMENT ORDER, AND STAYING CASE** |

Plaintiff D'Andre M. Alexander, presently in the custody of the Michigan Department of Corrections, filed this *pro se* civil rights lawsuit against several members of the Saginaw Correctional Facility staff on June 6, 2016. In the aftermath of extensive motion practice, Plaintiff's case has been narrowed to two remaining claims: (1) that Defendant Ann Hoffman falsified a misconduct report in retaliation for prior grievances filed by Plaintiff; and (2) that Defendant Scotty Freed refused to provide evidence Plaintiff requested to build his defense against a misconduct charge in prison. On March 25, 2019, the Honorable Mona K. Majzoub,

who primarily handled pretrial matters in this case, certified that pretrial proceedings are now complete. And on April 1, 2019, Plaintiff asked the Court to set this case for trial and issue a case management order. *See* ECF No 75.

The Court agrees that this case is ripe for trial but finds that Plaintiff, as well as the Court, would be well served by appointing an attorney to assist Plaintiff in litigating these remaining claims. Unlike in criminal cases, there is no constitutional or statutory right to the appointment of counsel in civil cases. *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Our Court, however, has a procedure by which judges may refer cases to a Pro Bono Committee that will identify members of the bar willing to assist in *pro se* cases where appointing counsel would be beneficial. Here, the Court finds that appointing counsel would be beneficial in assisting the Plaintiff and the factfinder in adjudicating this matter in an efficient and just manner. Accordingly, the Court will conditionally grant Plaintiff appointment of counsel, provided that the Pro Bono Committee is able to successfully identify an attorney to assist Plaintiff. If the Committee is unable to assign counsel, counsel

will not be appointed, and Plaintiff may proceed *pro se* or retain counsel at his own expense.

## CONCLUSION

It is **ORDERED** that this case is **REFERRED** to the Eastern District of Michigan's Pro Bono Committee, which is directed to respond to this Order within 60 days as to whether it has identified an attorney to handle this case. It is further **ORDERED** that Plaintiff's motion for a trial date and case management order (ECF No. 75) is **DENIED WITHOUT PREJUDICE** and may be refiled once the Court determines whether the Pro Bono Committee has been able to assign Plaintiff counsel. In the interim, and until such as time as the Pro Bono Committee either appoints counsel or determines that counsel cannot be appointed, this case is **STAYED**.

**SO ORDERED.**

Dated: April 19, 2019

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE