UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **D'ANDRE M. ALEXANDER**, <br><br> Plaintiff, <br> v. <br><br> **ANN HOFFMAN, et al.** <br><br> Defendants. | 4:16-cv-12069 <br><br> HON. TERRENCE G. BERG <br><br> **ORDER GRANTING LIMITED WRIT OF HABEAS CORPUS AD TESTIFICANDUM AS TO PLAINTIFF** |

Plaintiff D'Andre M. Alexander asks the Court to issue a writ of habeas corpus ad testificandum ordering the Michigan Department of Corrections to transport himself and another person in the custody of the Department of Corrections, Tyrone Boswell,[1] a witness, to Court for the trial of this matter, which is currently scheduled to begin on September 24, 2019. This court may grant a writ of habeas corpus if "[i]t is necessary to bring [a prisoner] into court to testify or for trial." 28 U.S.C. § 2241(c)(5). But the Sixth Circuit cautions that "a court should issue a writ that requires the production of a prisoner only in those cases where the prisoner's physical presence will contribute significantly to a fair adjudication of his claims." *Holt v. Pitts*, 619 F.2d 558, 561 (6th Cir. 1980).

---

[1] Tyrone Boswell is included in Plaintiffs' trial witness and exhibit list. *See* ECF No. 88 PageID.703.

Here, the Court finds Plaintiff's presence at trial is necessary first, because he is proceeding *pro se*, and second, because his case "depends in large part on his own testimony." ECF No. 89 PageID.705. Plaintiff has not, however, provided an explanation as to why Tyrone Boswell's presence at trial is necessary to ensure fair adjudication of Plaintiff's claims. The Court will therefore grant a limited writ of habeas corpus ensuring Plaintiff's attendance at trial but will deny without prejudice his request to secure Tyrone Boswell's presence at trial. The Court will reconsider Plaintiff's request regarding Boswell once Plaintiff has provided sufficient information summarizing the subject matter and relevance of Boswell's testimony to the issues to be determined at trial. In short, Plaintiff needs to explain what he expects Boswell to say at trial and why it is helpful to Plaintiff's case.

For these reasons, it is hereby **ORDERED** that a limited writ of habeas corpus be issued for Plaintiff D'Andre M. Alexander (Prisoner No. 731077) to secure his attendance during each day of the trial of this matter. The Michigan Department of Corrections is accordingly **ORDERED** to transport Plaintiff to Court for each day of trial, which is scheduled to begin on September 24, 2019. Plaintiff's request for a limited writ of habeas corpus for Tyrone Boswell (Prisoner No. 503804) is **DENIED** without prejudice but will be reconsidered by this Court upon Plaintiff's filing a summary containing an adequate explanation of the

subject matter and relevance of Boswell's anticipated testimony.

**SO ORDERED.**

Dated: August 30, 2019

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on August 30, 2019.

s/A. Chubb
Case Manager