# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **D'ANDRE M. ALEXANDER**, <br><br> Plaintiff, <br><br> v. <br><br> **ANN HOFFMAN, et al.** <br><br> Defendants. | 4:16-cv-12069 <br><br> HON. TERRENCE G. BERG <br><br> **ORDER ON PLAINTIFF'S AND DEFENDANTS' MOTIONS IN LIMINE** |

Presently before the Court are two omnibus motions in limine filed in advance of the September 24, 2019 trial of this matter. Plaintiff through his motion in limine seeks to exclude evidence of his criminal history, prison disciplinary record, and litigation history. Defendants Ann Hoffman and Scotty Freed in turn ask to exclude evidence relating to Plaintiff's previously dismissed claims, alleged comments by Deputy Warden O'Bell T. Winn, previously a defendant in this lawsuit, and evidence related to alleged violations of Michigan Department of Corrections ("MDOC") policy. For the reasons stated in open court during the final pretrial conference that took place on September 19, 2019, and as described below, Plaintiff's motion in limine (ECF No. 86) will be granted in part and denied in part, and Defendants' motion (ECF No. 95) granted in part and denied in part.

### A. Plaintiff's criminal history

Plaintiff asserts that evidence of his past criminal convictions and prison disciplinary record should be largely excluded at trial because such evidence has no probative value and is likely to cause him prejudice. Defendants have not opposed Plaintiff's motion. Moreover, during the final pretrial conference in this matter, the parties explicitly agreed that any evidence or argument relating to the facts and circumstances of Plaintiff's crimes should be excluded at trial. Plaintiff has expressed the intention to refer to the fact of his conviction and the type of crime during his opening statement. Defendant has no objection to this limited reference. The parties may therefore reference the fact that Plaintiff has been convicted of the offenses for which he is currently incarcerated but may not refer to the underlying facts concerning those offenses.

### B. Plaintiff's disciplinary record

Plaintiff next seeks to exclude evidence of his institutional disciplinary history. Defendants opposed this request at the final pretrial conference. Because Plaintiff's remaining claims are inextricable from certain grievances he filed while incarcerated at the Saginaw Correctional Facility, and from a misconduct hearing that resulted in disciplinary action against him, the Court will permit introduction of that evidence of his past grievances and disciplinary history which is relevant to assessing his remaining claims. Other past grievances or disciplinary history that are unrelated to the facts and claims at issue in this case will

be excluded at trial because they are not relevant and more prejudicial than probative.

### C. Plaintiff's litigation history

Plaintiff further seeks to exclude evidence related to other lawsuits he has filed because he believes such evidence is irrelevant and has no probative value. Defendants argue that evidence of Plaintiff's past and subsequent lawsuits should be admitted at trial to demonstrate that he is litigious. The Court finds that any lawsuits Plaintiff has filed other than the instant action are irrelevant to evaluating his current claims. It will accordingly exclude evidence of Plaintiff's past and subsequent litigation with the caveat that statements Plaintiff or any witnesses have made in past lawsuits may be considered relevant if they appear inconsistent with statements made by those individuals during their testimony in this case.

### D. Reference to previously dismissed claims

Defendants seek to exclude testimony about claims originally asserted by Plaintiff that have since been dismissed. Plaintiff generally does not object. On the recommendation of Magistrate Judge Mona Majzoub, this Court indeed dismissed several of Plaintiff's claims, including for civil conspiracy and retaliatory transfer. *See* ECF No. 64 (Sep. 27, 2018 Report and Recommendation); ECF No. 72 (Mar. 25, 2019 Order). Evidence relating only to those previously dismissed claims has minimal probative value and if introduced would create a significant risk

of creating undue delay and wasted time at trial. *See Moore v. Bannon*, No. 10-12801, 2012 WL 2154274, at *7 (E.D. Mich. June 13, 2012). Accordingly, evidence relating only to previously dismissed claims will be excluded on relevance grounds to avoid undue delay and wasting time—with the exception that the parties may introduce evidence relevant to Plaintiff's transfer to Kinross Correctional Facility to the extent it is relevant to proving his alleged damages.

### E. Comments by Deputy Warden O'Bell T. Winn

Defendants next seek to bar evidence about comments by a former defendant in this case, Deputy Warden O'Bell T. Winn. ECF No. 95, PageID.745–46. Specifically, Defendants seek to bar reference to Winn's alleged comment that Plaintiff "brought this shit on himself." *Id*. Defendants contend that "whether Winn said what [P]laintiff alleges he said has no tendency to make a fact in either of the two remaining claims more or less probable than it would be without this evidence." *Id*. at PageID.746. Plaintiff has no objection to exclusion of this evidence at trial. The Court agrees evidence of the referenced comments by previously dismissed defendant Winn lacks probative value and should be excluded.

### F. Reference to alleged violation of MDOC policies

Finally, Defendants argue that evidence relating to various prison officials' alleged violations of MDOC policies should be excluded as irrelevant. The Court finds that evidence of general violations of MDOC

4

policy not directly connected to Plaintiff's remaining claims is likely irrelevant and should be excluded at trial. But evidence of violations of MDOC policy that have a tendency to make a fact of consequence to Plaintiff's claims more or less probable may be relevant and admissible. The Court will reexamine relevance of this type of evidence during trial.

## CONCLUSION

"A ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). The Court at this juncture **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion in limine (ECF No. 86) and **GRANTS IN PART** and **DENIES IN PART** Defendants' motion in limine (ECF No. 95). The Court may revisit or expand upon these evidentiary rulings at a later date.

Dated: September 24, 2019    s/Terrence G. Berg
　　　　　　　　　　　　　　TERRENCE G. BERG
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on September 24, 2019.

　　　　　　　　　　　　s/A. Chubb
　　　　　　　　　　　　Case Manager