UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **D'ANDRE M. ALEXANDER**, Plaintiff, v. **ANN HOFFMAN, et al.** Defendants. | 4:16-cv-12069 HON. TERRENCE G. BERG **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RULE 50(a) MOTION** |

This case is now before the Court on an oral motion for judgment as a matter of law raised by Defendants Ann Hoffman and Scott Freed upon completion of the presentation of evidence at trial. *See* Fed. R. Civ. Proc. 50(a). Defendants ask the Court to enter judgment as a matter of law on both their claims—for First Amendment retaliation and Fourteenth Amendment Due Process violation—before this case is submitted to the jury. After careful consideration of the evidence presented during the trial and the relevant law, the Court finds that Defendant Scott Freed is entitled to judgment in his favor as a matter of law on Plaintiff D'Andre Alexander's Fourteenth Amendment claim because there was no evidence presented to show that Defendant Freed's conduct caused Plaintiff to be deprived of a liberty interest as that term is currently defined by governing legal precedent. As to Defendant Ann Hoffman, who

1

Plaintiff claims violated his First Amendment rights by retaliating against him for engaging in protected conduct, for the reasons set forth in greater detail below, Defendants' motion for judgment as a matter of law is denied. That claim will accordingly be submitted to the jury.

## DISCUSSION

Rule 50(a) of the Federal Rules of Civil Procedure provides that "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against that party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." In contrast, if the court denies the motion for judgment as a matter of law under Rule 50(a), "the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b).

### A. Fourteenth Amendment due process violation

Plaintiff claims that Defendant Scott Freed violated his rights under the Fourteenth Amendment's Due Process Clause by refusing to gather evidence that Plaintiff asserts would have supported his defense against the allegedly false major-misconduct charge. The Fourteenth Amendment's Due Process Clause protects individuals against deprivations of life, liberty or property. Individuals who seek to invoke

2

the Due Process Clause's procedural protection must establish that one these interests is at stake. *Wilkinson v. Austin*, 545 U.S, 209, 221 (2005). In *Sandin v. Conner*, the Supreme Court explained that a prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction at issue "will inevitably affect the duration of his sentence" or "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *LaFountain v. Coleman*, No. 1:09-cv-623, 2010 WL 310736 at *6 n.2 (W.D. Mich. Jan. 21, 2010) (discussing *Sandin v.* Conner, 515 U.S. 472, 483–84 (1995)).

The Supreme Court has found that there is no liberty interest in being housed in a particular facility or, generally, in avoiding transfer to more adverse conditions of confinement. *Montayne v. Haynes*, 427 U.S. 236, 242 (1976); *Wilkinson*, 545 U.S. at 221. Likewise, the Supreme Court explained in *Sandin* that being placed in administrative segregation for 30 days does not rise to the level of an "atypical and significant hardship" in the prison context. *Sandin*, 515 U.S. at 485. In *Nali v. Ekman,* an unpublished Sixth Circuit case, the court also determined that findings of misconduct, even if they create the possibility that a prisoner's sentence could be lengthened by the parole board, "do not implicate a protected liberty interest so long as the parole board retains discretion to release a prisoner based on a 'myriad of considerations' and so long as the prisoner may 'explain the circumstances behind his misconduct record' to the board." 355 F. App'x 909, 2009 WL 4641737, *3 (6th Cir. 2009)

(unpublished) (quoting *Sandin*, 515 U.S. at 487). In contrast, the Sixth Circuit has stated that indefinite placement in a more restrictive maximum-security prison, or placement that disqualifies an otherwise-eligible inmate from parole consideration would create a liberty interest upon which a Fourteenth Amendment Due Process claim could rest. *Harden-Bey v. Rutter*, 524 F.3d 789, 792 (6th Cir. 2008).

Although the penalty for the misconduct imposed on Plaintiff Alexander as a result of being found guilty of possession of a weapon clearly involved imposing more adverse prison conditions on him—30 days' confinement to administrative segregation and a concurrent loss of privileges—no evidence was presented at trial that would provide a reasonable jury with a legally sufficient evidentiary basis to find that Plaintiff was subjected to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" as those terms are currently defined by the United States Supreme Court. *Sandin*, 515 U.S. at 483–84; *see* Fed. R. Civ. P. 50(a). In that case, the Supreme Court specifically found that the precise penalty imposed on Mr. Alexander did not constitute an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Consequently, no reasonable jury could find that the evidence presented at trial establishes this element of Plaintiff's claim. Defendant Scott Freed is therefore entitled to judgment as a matter of law on Plaintiff's claim for denial of a liberty interest without due process. The Court must accordingly grant Defendants'

motion for judgment of a law on this claim and judgment will be entered in favor of Defendant Freed.

**B. First Amendment retaliation**

Plaintiff's claim against Defendant Hoffman is that she violated his First Amendment rights by retaliating against him for filing grievances. A retaliation claim has three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between those elements—that the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

The Sixth Circuit has expressly held that "[a]n inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf" so long as the grievances are not frivolous. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Plaintiff presented evidence at trial—including but not limited to his own testimony—that Defendant Ann Hoffman issued him a false major-misconduct ticket in retaliation for his filing of grievances. Plaintiff also introduced evidence through the testimony of multiple witnesses that he was placed in administrative segregation and lost privileges as a result of the major-misconduct finding. "Whether a retaliatory action is sufficiently severe to deter a person of ordinary firmness from exercising his or her rights is a

5

question of fact" best left to the jury to decide. *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). Because the Sixth Circuit has previously held that, "[i]n the prison context, an action comparable to transfer to administrative segregation would certainly be adverse," *Thaddeus-X v. Blatter*, 175 F.3d 378, 396 (6th Cir. 1999) (en banc), and that actions that result in "more restrictions and fewer privileges for prisoners" are also considered adverse, *Hill v. Lapin*, 630 F.3d 468, 474 (6th Cir. 2010), the Court finds a reasonable jury would have a legally sufficient evidentiary basis to find that Plaintiff has shown he suffered an adverse action that would deter a person of ordinary firmness from continuing to engage in conduct—grievance-filing—that is undisputedly protected by the First Amendment.

The final element of Plaintiff's retaliation claim requires demonstrating a causal connection between the protected conduct and the adverse action. Again, causation in this context is generally a factual issue to be resolved by the jury and, further, may be satisfied by circumstantial evidence. *Harris v. Bornhorst*, 513 F.3d 503, 519–20 (6th Cir. 2008). In some circumstances temporal proximity between protected conduct and the alleged adverse action may be significant enough to constitute indirect evidence of a causal connection that supports an inference of retaliatory motive. *Muhammad v. Close*, 379 F.3d 413, 417–18 (6th Cir. 2004). Plaintiff presented evidence at trial from which a reasonable jury could deduce—consistent with governing case law—that

Plaintiff has proven the elements of his First Amendment retaliation claim.

Defendants argue that this Court must give preclusive effect to the factfinding by the Michigan Department of Corrections hearing officer under *Peterson v. Johnson*, 714 F.3d 905 (6th Cir. 2013). To determine if *Peterson* preclusion applies, the Court looks to four requirements: "(1) the state agency 'acted in a judicial capacity'; (2) the hearing officer 'resolved a disputed issue of fact that was properly before it'; (3) the prisoner 'had adequate opportunity to litigate the factual dispute' and (4) if these other three requirements are met, we must 'give the agency's finding of fact the same preclusive effect it would be given in state courts.'" *Maben v. Thelen*, 887 F.3d 252, 259 (6th Cir. 2018) (some internal quotations omitted) (quoting *Peterson*, 714 F.3d at 911–913).

But the Sixth Circuit, in *Roberson v. Torres*, a 2014 case, specifically warned that *Peterson* "is not a blanket blessing on every factual finding in a major-misconduct hearing." 770 F.3d 398, 403–04 (6th Cir. 2014). The appellate court instructed the district court to "give particular attention to the fairness and accuracy of the factual findings made by the major-misconduct hearing officer." *Roberson*, 770 F.3d at 405. The *Roberson* court further advised that "[n]umerous inquiries may be relevant to the district court's analysis," including "why the hearing officer refused to review the alleged video of the incident, whether the hearing officer provided a sufficient and reasonable basis for her factual

7

findings, and whether the testimony of other witnesses corroborated the accounts provided by either [the prisoner] or [the officer]." *Id.* at 405. Here, Plaintiff has made allegations that there were discrepancies between the description of the knife he was found to have possessed in the misconduct ticket, Plaintiff's Exhibit 6, and the appearance of the knife in the photograph, now destroyed, which he says was part of the investigative packet presented at his hearing. He further alleges that at that hearing he sought to present a voice recording of a phone call, Plaintiff's Exhibit 5, as well as certain witness statements that according to the hearing decision report, Exhibit 8, were never presented. For reasons that are unclear, the investigative packet was not preserved for litigation. The plain language of the hearing report states that certain statements that Plaintiff requested were not presented. While Defendant Freed testified to an explanation for this statement, the evidence before the Court raises sufficient questions concerning the completeness of the record before the hearing officer that permits the Court to decline to afford its decision preclusive effect under the standards of *Peterson* and *Roberson*.

Defendants also cite *Heck v. Humphrey*, 512 U.S. 477 (1994) as a bar to Plaintiff's First Amendment claim, which he asserts via § 1983. But *Heck* "applies only where a prisoner's § 1983 challenge 'threatens . . . his conviction or the duration of his sentence.'" *Peterson*, 714 F.3d at 918 (quoting *Muhammad*, 540 U.S. at 751). From the record

8

it is not apparent that Plaintiff's First Amendment claim implicates either. *Heck*, accordingly, is inapposite. *See Wilkinson*, 544 U.S. at 74–75 (explaining that "the prisoner cannot use § 1983 to obtain relief where success *would necessarily* demonstrate the invalidity of confinement or its duration.") (emphasis in original); *Meeks v. Schofield*, 625 F. App'x 697, 701 (6th Cir. 2015) (finding *Heck* was not implicated where the challenged disciplinary conviction did not affect the length of the plaintiff's sentence). The Court has already ruled that there was no evidence presented showing that the penalty received by the Plaintiff for the misconduct here would necessarily lengthen his sentence. Consequently, the Court will deny Defendants' motion for judgment as a matter of law on this claim and submit it to the jury for its consideration.

This finding also resolves Defendant's claim of qualified immunity. There is a clearly recognized right under the First Amendment that every law enforcement officer may be reasonably expected to know. The Sixth Circuit has repeatedly recognized that if a prison officer retaliates against a prisoner for filing grievances, that conduct comprises a violation of clearly established constitutional law. *Maben v. Thelen*, 887 F.3d at 269 (collecting cases). Likewise, the Sixth Circuit has stated that "a reasonable prisoner officer would have been aware that issuing a misconduct ticket, even a minor misconduct ticket, in retaliation for the inmate's exercise of his First Amendment rights could give rise to constitutional liability. *Id.* (citing *Anderson v. Creighton*, 483 U.S. 635,

640 (1987). Based on the evidence presented, there is a question of fact as to whether this Defendant knowingly violated that right by bringing a false misconduct charge. Consequently Defendant Hoffman is not entitled to qualified immunity on this claim.

## CONCLUSION

For these reasons, Plaintiff's motion for judgment as a matter of law under Rule 50(a) of the Federal Rules of Civil Procedure is **GRANTED IN PART** and **DENIED IN PART**. The Court will grant judgment as a matter of law in favor of Defendants on Plaintiff's claim that Defendant Scott Freed violated his rights under the Fourteenth Amendment's Due Process Claim. The Court declines to enter judgment as a matter of law on Plaintiff's claim that Defendant Ann Hoffman retaliated against him for exercising his rights under the First Amendment. That claim will accordingly be submitted to the jury for its consideration.

Dated: September 27, 2019   s/Terrence G. Berg
　　　　　　　　　　　　　　TERRENCE G. BERG
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE